UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

    Plaintiff,

vs.          Case No. 2:10-cv-162-FtM-29SPC

CAPTAIN ELLIS; LT. WALLS; A.
BURROUGHS, TST; C.O. ZAMORA; MELINDA
MASTERS,

    Defendants.
_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon review of Plaintiff's "motion for clarification or in the alternative motion to permanently recuse Judge Steele" (Doc. #6, Motion), filed March 26, 2010. Upon review of the Motion, the Court also construes the motion to be a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b), rather than a motion for clarification.

**II.**

Initially, the Court will address Plaintiff's motion for recusal. Plaintiff seeks "an order forever banning [Judge] Steele from case decision of matter [sic] pertaining to this [P]laintiff. Motion at 3. To warrant removal under 28 U.S.C. § 144,[1] Plaintiff

---

  [1]28 U.S.C. § 144 provides that "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him . . . such judge shall proceed no further therein, but another judge
                    (continued...)

"must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Properly pleaded facts in the affidavit are presumed true. Id. In order to be legally sufficient, the affidavit must allege facts that are material and are stated with particularity. United States v. Souza, 194 Fed. Appx. 671, 676 (11th Cir. 2006); Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, Miss., 637 F.2d 1014, 1019 (5th Cir. 1981).[2] The facts must allege that the bias is personal, as opposed to judicial in nature. Id.

Alternatively, 28 U.S.C. § 455(a)[3] provides that a judge should disqualify himself from a case "'if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge' of his interest or bias in the case." See Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co., Inc., 122 S. Ct. 1290, 1292 (2002)(citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 861 (1988)); Byrne v. Nezhat, 261 F.3d 1075, 1101 (11th Cir. 2001). An adverse ruling

---

[1](...continued)
shall be assigned to hear such proceedings."

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3]28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

does "not provide a party with a basis for holding that the court's impartiality is in doubt." Bryne, 261 F.3d at 1103.

Plaintiff does not submit an affidavit and his Motion contains only conclusory allegations based upon the undersigned's previous ruling, which was unfavorable to Plaintiff. Plaintiff does not allege, yet alone demonstrate personal bias by the undersigned. Thus, Plaintiff has not established actual bias or even an appearance of bias on the part of undersigned under either § 144 or § 455.

**III.**

With respect to Plaintiff's motion for reconsideration, Rule 60(b) permits relief from a judgment or order and affords the Court substantial discretion to reconsider an order which it has entered. See generally Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Rule 60(b)(1) permits courts to reopen judgments for reasons of mistake, inadvertence, surprise, or excusable neglect. "Motions under this rule are directed to the sound discretion of the district court." Id.; United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997).

Plaintiff, who is proceeding *pro se* as a civil detainee at the Florida Civil Commitment Center ("FCCC"), seeks reconsideration of the Court's March 15, 2010 Order (Doc. #5, Order) denying his

motion for leave to proceed *in forma pauperis* and directing him to pay the requisite $350.00 filing fee on or before April 5, 2010. Plaintiff submits that the Court erred by denying his motion for leave to proceed *in forma pauperis* because the Complaint does allege "physical injury." Motion at 1. Specifically, Plaintiff states that the Defendants "twisted his arm to handcuff him behind his back and in the course of doing so damaged ligaments in his arm." Id. Plaintiff additionally submits that his Complaint alleges he "declared a psychological emergency after he self-mutilated his arm with a sharp steel object." Id.

A Rule 60(b) motion is not intended to re-litigate matters already presented by Plaintiff. The Court's March 15, 2010 Order took judicial notice of the injunction entered against Plaintiff in the Northern District of Florida based on his abusive filings in federal courts. Specifically the injunction entered against Plaintiff requires that Plaintiff "credibly allege[] that he is in imminent danger of serious physical injury[,]" absent which the Court will deny Plaintiff leave to proceed as a pauper, and direct him to pay the requisite filing fee.[4] See Doc. #2 at 8. The language in the injunction was modeled after 28 U.S.C. § 1915(g), also known as the "Three Strikes Provision." The Eleventh Circuit Court of Appeals has ruled that "imminent danger of serious

---

[4] The injunction further states that if Plaintiff fails to comply with the Order and pay the fee, the court will dismiss the action without further notice. See Doc. #2 at 8.

physical injury" means "present imminent danger, as opposed to a past danger." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004).

Based on the foregoing, the Court determined that Plaintiff's Complaint did not credibly allege that Plaintiff was in imminent danger of serious physical harm. See Order at 1-2. Liberally construing the facts, the incident at issue in the Complaint was, at most, a one-time incident that occurred on February 17, 2010. Complaint at 1. According to the Complaint, Plaintiff "jump[ed] up on [a] staff desk a few feet from the entrance to sit down" to wait to speak to Captain Lawrence and then disobeyed the officer's order to move off the desk. Id. at 2 (quoting Complaint). Plaintiff took issue with Captain Ellis' decision to place him on secure management for disobeying the officer's order and, at that point, declared a "psychological emergency." Id. Plaintiff acknowledges in his Complaint that a clinician reported to his cell within twenty minutes to address his "psychological emergency." Although the Complaint alleged that Plaintiff engaged in self mutilation, the Complaint did not include any facts showing that Plaintiff continues to remain a risk to himself.[5]

---

[5] Notably, in the Complaint, Plaintiff alleges he engaged in self mutilation in the **presence** of a GEO clinician; but, in his motion for reconsideration, Plaintiff alleges he "declared a psychological emergency **after** he self-mutilated his arm with a sharp steel object." (emphasis added).

-5-

Upon review of the matters *sub judice*, the Court denies Plaintiff's motion for reconsideration. The Complaint contains facts only describing a past danger, as opposed to a present, continuing danger. See also Skillern v. Paul, 202 Fed. Appx. 343 (11th Cir. 2006)(finding the court did not err when plaintiff "merely alleged that deprivation of his medication *may* result in suffering and physical injury."). Plaintiff acknowledges in the Complaint that a GEO clinician responded to his self-declared psychological emergency within twenty minutes. No where does Plaintiff allege that he is in present danger and/or continues to suffer harm.

**IV.**

The March 15, 2010 Order directed Plaintiff to pay the requisite $350.00 filing fee on or before April 5, 2010. See generally Order. The Court warned Plaintiff that the failure to comply with the Court's Order would result in the dismissal of his case without further notice. Id. at 2-3. Based on Plaintiff's failure to comply with the Court's April 5, 2010 Order, this action is dismissed, without prejudice.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's motion to permanently recuse Judge Steele (Doc. #6) is **DENIED**.

2. To the extent the Court construes Plaintiff's motion (Doc. #6) to be a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b), the motion is also **DENIED**.

3. This case is **dismissed without prejudice** for Plaintiff's failure to comply with this Court's March 15, 2010 Order.

4. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of April, 2010.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record